# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 08-2000

_____

United States of America,           *
                                     *
          Plaintiff – Appellee,      *
                                     *   Appeal from the United States
     v.                              *   District Court for the
                                     *   Eastern District of Missouri.
Karrie L. Guler,                     *
                                     *   [UNPUBLISHED]
          Defendant – Appellant.     *

_____

Submitted: September 25, 2008
Filed:  October 8, 2008

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Karrie Guler was convicted by a jury of assault on a federal agent, 18 U.S.C. § 111, and sentenced to sixty days imprisonment. Guler appeals, contending that the district court[1] erred in declining to dismiss the indictment on grounds of double jeopardy.

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Guler's conviction arose from her conduct at a campsite in the Ozark National Scenic Riverways in July 2007. National Park Service rangers received several complaints of a domestic disturbance in the campground, including reports that Guler had hit her boyfriend with a lawn chair and that he had thrown lighter fluid on her leg. Two rangers arrived at the campsite and found an intoxicated and confrontational Guler. She resisted the rangers' orders and kicked one of them in the chest as she was being placed in a patrol car.

Guler received tickets for four violations of the federal regulations governing conduct on National Park Service land. They charged her for being under the influence of alcohol; disorderly conduct—fighting; disorderly conduct—use of language; and violating a lawful order of a federal agent. On her ticket for disorderly conduct—fighting, the statement of probable cause refers to Guler's altercation with her boyfriend, but not to her kicking the ranger. Guler pled guilty to the four ticketed charges and paid $700 in fines and fees.

Guler was subsequently indicted for assaulting a federal officer, in violation of 18 U.S.C. § 111, and convicted after a jury trial. She now contends that double jeopardy bars her conviction for that offense because it was based on the same conduct as her guilty plea to disorderly conduct—fighting.[2] Two offenses are not the same for double jeopardy purposes if each offense requires proof of an element or fact not required by the other. Blockburger v. United States, 284 U.S. 299, 304 (1932). The disorderly conduct—fighting offense, codified at 36 C.F.R. § 2.34(a)(1), requires an "intent to cause public alarm, nuisance, jeopardy or violence, or knowingly or recklessly creating a risk thereof." In contrast, only general intent to commit assault is necessary for conviction under 18 U.S.C. § 111. The assault offense only applies if the victim is a federal officer or employee engaged in official duties. Disorderly

_____

[2]In the district court Guler made a different and even weaker double jeopardy argument—that her prosecution for assault on a federal officer was barred by her earlier conviction for violating the order of a federal agent.

conduct—fighting has no such element. We conclude that Guler was punished for two separate offenses involving conduct directed at different victims and occurring at different times, in violation of separate provisions of the law with distinct elements.

Since the district court did not err in rejecting Guler's double jeopardy challenge to the indictment, we affirm the judgment.

_____